IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,<br>    Debtor.<br><br>KYLE EVERETT, Chapter 11 Trustee<br>    Plaintiff,<br>  v.<br>THOMAS CAPITAL INVESTMENTS, a Hawaiian domestic limited partnership,<br>    Defendant. | Case No. 15-cv-06321-MMC<br><br>Bankruptcy Case No. 14-54232 MEH,<br>  Adv. Proc. No. 14-05177<br><br>**DECISION AFFIRMING JUDGMENT OF BANKRUPTCY COURT** |

    Before the Court is defendant/appellant Thomas Capital Investments' ("TCI") appeal from the judgment entered December 8, 2015, in the United States Bankruptcy Court, in favor of Kyle Everett, the Chapter 11 trustee ("Trustee") for the estate of Pacific Thomas Corporation ("Debtor").  Having read and considered appellant's brief[1] and the record on appeal, the Court rules as follows.

    On August 5, 2014, the Trustee commenced an adversary proceeding against TCI, in which the Trustee sought to avoid and recover from TCI transfers in the amount of $341,059.51, which transfers allegedly were made to TCI by or on behalf of the Debtor in violation of Title 11 of the United States Code.  (See Compl., filed August 5, 2014, Ex.

---

    [1]The Trustee, appellee herein, did not file a brief.

1.)[2]  Of the amount sought, $107,794.88 had not been transferred to TCI by the Debtor, but, rather, by another entity, Pacific Trading Ventures ("PTV").  (See Supp. Brief, filed October 19, 2015, at 3:10-25.)  With respect to the transfers by PTV, the parties appeared to agree that the funds transferred were rental payments collected by PTV from customers of a self-storage facility owned by the Debtor.  The parties disagreed, however, as to whether the rental payments were the property of the Debtor or PTV, said dispute being centered on the nature of the contractual relationship between the Debtor and PTV.  The Trustee took the position that the relationship was governed by a 2003 management services agreement under which PTV collected rent on behalf of the Debtor, i.e., that the rental payments were the property of the Debtor, whereas TCI took the position that the relationship was governed by a 2005 lease agreement whereby PTV leased the self-storage facility from the Debtor, i.e., that the rental payments were the property of PTV.

After conducting a court trial, the bankruptcy court found the Trustee was entitled to the total amount sought, specifically, $341,059.51.

In the instant appeal, TCI argues the bankruptcy court erred in finding the sums transferred to TCI by PTV were the property of the Debtor.[3]  In that regard, TCI first observes that, in a prior adversary proceeding brought by the Trustee against PTV and others, but not TCI, the bankruptcy court had found the lease agreement between the Debtor and PTV was invalid and that the contractual relationship between said entities was governed by the management services agreement.[4]  Based thereon, TCI contends

---

[2] Although the Trustee initially sought to avoid and recover the sum of $341,809.51 (see id.), the Trustee later withdrew its claim as to one transfer in the amount of $750 (see Trial Hearing Transcript at 47:10 - 48:3, 53:15-17, Everett v. Thomas Capital Investments, Adv. No. 14-5117, Doc. No. 57 (N.D. Cal. Bankr.)).

[3] In its brief, TCI does not contend the bankruptcy court erred to the extent the bankruptcy court found the Trustee was entitled to sums transferred to TCI by the Debtor.

[4] The judgment entered in the prior proceeding was affirmed by this Court.  See Everett v. Whitney (In Re Pacific Thomas Corp.), 2016 WL 2643679, at *5 (N.D Cal. May 10, 2016) (affirming judgment; finding bankruptcy court "did not err in finding the 2005 [l]ease was invalid and unenforceable").

the bankruptcy court, in the instant adversary proceeding, erroneously determined that TCI was "bound" by the judgment entered against PTV in the prior adversary proceeding (see Opening Brief at 6:19-21), despite the fact that TCI was not a party to that action.

As set forth below, the Court finds the bankruptcy court did not base its determination on a finding that TCI was bound by the bankruptcy court's decision in the prior adversary proceeding.

First, the bankruptcy court found the Trustee had met its burden to show that the transfers to TCI by PTV were the property of the Debtor. As the bankruptcy court explained, the Trustee had served on TCI requests for admission in which TCI was asked to admit (1) the Debtor and PTV were parties to a management services agreement in which PTV agreed to "provide property management services to [the] Debtor at [the] Debtor's self-storage facilities" and (2) each transfer made to TCI by PTV that the Trustee sought to avoid and recover was "a transfer of an interest of the Debtor in property" (see Memorandum Decision, filed December 8, 2015, at 2:5-6, 2:26, 3:2-12), after which TCI failed to respond to either such request (see id. at 2:6-7). As the bankruptcy court further explained, where a party fails to respond to a request for admission, the request is deemed "admitted," see Fed. R. Civ. P 36(a)(3), and such admitted matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended," see Fed. R. Civ. P. 36(b). Noting TCI "did not file a motion to withdraw its admissions" (see Memorandum Decision at 2:10), the bankruptcy court found the Trustee "had established by [TCI's] admissions that each Transfer was a transfer of an interest of the Debtor in property" (see id. at 2:11-12; 11:16-17).[5]

Next, the bankruptcy court, although finding the Trustee, given TCI's admissions, had established the subject transfers were the property of the Debtor, nonetheless

---

[5]TCI has not challenged the bankruptcy court's rulings with respect to the effect of TCI's failure to respond to the Trustee's requests for admission.

3

afforded TCI the "opportunity to introduce evidence in support of its defenses," including its defense that the transfers TCI received from PTV were the property of PTV (see id. at 2:26, 3:8-12, 6:16-17; 11:16-17).[6] In that regard, to support its position that the contractual relationship between the Debtor and PTV was governed by the lease agreement and not the management services agreement, TCI offered testimony by one of its officers, documentary evidence and the "transcript from the trial in the prior adversary proceeding." (See id. at 11:17-20.) The bankruptcy court, while noting its prior ruling on the issue as presented in the earlier adversary proceeding, expressly acknowledged TCI's argument that TCI was not bound by such prior determination (see id. at 11:8-15), after which the bankruptcy court identified the evidence TCI had offered "[i]n this case" (see id. at 11:16), and made the following findings:

> On the basis of the evidence presented, the court does not find [TCI's] argument persuasive in this adversary proceeding — particularly when taking into consideration the testimony introduced through the prior trial transcript. The evidence presented is insufficient to overcome [TCI's] admission that each transfer was a transfer of an interest in Debtor's property.

(See id. at 11:16-24.)

The Memorandum Decision thus makes clear that the bankruptcy court's determination was based on the evidence presented at the trial conducted on the claims in the Trustee's complaint against TCI, i.e., "in this adversary proceeding" (see id.), and not based on a finding that TCI was bound by the bankruptcy court's decision in the prior adversary proceeding. Indeed, if the bankruptcy court was of the view that its prior determination was binding on TCI, there would have been no need to allow TCI to offer evidence and then determine whether or not such evidence was persuasive.

In sum, as the bankruptcy court did not base its decision on a finding that TCI was bound by the determination in the prior proceeding, and TCI makes no other argument on appeal, TCI has failed to show it is entitled to any relief on appeal.

---

[6] The bankruptcy court made the ruling over objection by the Trustee. As the Trustee has not filed a brief in response to TCI's appellate brief, the merits of such objection are not before this Court.

**CONCLUSION**

For the reasons stated above, the judgment of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: December 8, 2016

MAXINE M. CHESNEY
United States District Judge

5